UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAVID W. WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 09-25-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEPHANIE BASTIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David Weathers was employed by Kentucky State University ("KSU") as a law enforcement officer until he was terminated on June 20, 2008. [*See* Complaint; Record No. 1] He filed this action[1] on June 17, 2009, claiming that his termination was wrongful and in violation of the "Policeman's Bill of Rights," KRS 95.010, *et seq.*, and KRS 15.520.   The Defendants[2] have now moved the Court to enter summary judgment in their favor.

---

[1]     On November 6, 2008, Weathers filed an earlier action against KSU in the Franklin Circuit Court. [*See Weathers v. Kentucky State University*, U. S. Dist. Ct., E.D. of Ky., Cent. Div., at Frankfort, Civ. No. 3: 09-04-DCR; Record No. 1, attached Complaint.] Following removal to this Court, KSU moved for partial summary judgment. [*Id.*; Record No. 11] Weathers responded by seeking to amend his Complaint to assert claims against the individual Defendants named in the present case. [*Id.*; Record No. 12] That motion was denied and the case was dismissed on June 16, 2009, on sovereign immunity grounds. [*Id.*; Record No. 15] Weathers was not allowed to amend his Complaint because the claims he attempted to assert against the individual Defendants could not withstand a motion to dismiss. [*Id.*; Record No. 15 at pp. 4-6]

[2]     The Defendants named in the present action include: Stephanie Bastin, Chief of Police of KSU; Gary Merseles, Director of Human Resources of KSU; Alice Johnson, Vice President of Finance and Business Affairs for KSU; Dr. Rubye Jones, Vice President of Student Affairs of KSU; and Dr. Mary Sias, President of KSU.  In an effort to avoid dismissal under *Will v. Mich Dept. of State Police*, 491 U.S. 58 (1989), the Plaintiff has sued all Defendants in their individual capacities. [Record No. 1]

The Defendants contend that Weathers is not a police officer covered by KRS 95.010, *et seq.* Further, they argue that KRS 15.520 is inapplicable because Weathers was not terminated as a result of any alleged complaint or violation of law. Instead, they state that he was an employee at will and subject to termination without cause or a hearing. After reviewing the relevant authorities, the Court agrees with the Defendants' arguments. As a result, the Defendants' motion will be granted and the claims asserted by Weathers will be dismissed, with prejudice.

## I.     Relevant Facts

Weathers was employed by KSU from approximately June 1, 2004, until his termination on June 20, 2008. He asserts that Defendant Bastin, as Chief of KSU's Police Department, was involved in a meeting with Weathers on the date of his termination and that Bastin did not provide him with notice of "the charges" or "an opportunity to contest the charges" which supported his dismissal. [Record No. 1, ¶ 5] Weathers contends that Defendant Merseles, as Director of Human Resources, was "responsible for policy concerning termination of KSU law enforcement officers" and was involved in the meeting in which he was terminated. According to Weathers, Merseles told him during the June 20, 2008, meeting that he was an "at will employee" and that KSU could "fire him without any cause." [Record No. 1, ¶ 6] With respect to the remaining Defendants, Weathers states that Defendants Johnson, Jones and Sias conspired to terminate him without providing him notice or an opportunity to refute the charges against him. [Record No. 1, ¶¶ 7-9]

Weathers further asserts that,

14. Pursuant to state and federal law the Plaintiff had a legitimate expectation of continued employment as a law-enforcement officer at Kentucky State University.

15. The Plaintiff, pursuant to State and Federal law, has a constitutionally protected property interest in his continued employment as a law enforcement officer at Kentucky State University, which could only be taken pursuant to Due Process procedures outlined in Laudermill, Sutton, KRS 15.520 and 95.010 et seq.

16. Defendants Bastin, Merseles, Johnson, Jones and Sias denied Plaintiff his property interest without Due Process in violation of the Fourteenth (14th) Amendment to the United States Constitution by conspiring to dismiss the Plaintiff from employment without giving him any pre-termination procedure to apprise him of the reason for the dismissal and to afford him an opportunity to refute the reason for dismissal.

17. Defendants Bastin, Merseles, Johnson, Jones and Sias denied Plaintiff a property interest without Due Process in violation of the Fourteenth (14th) Amendment to the United States Constitution by dismissing him from employment without giving him a pre-termination or post-termination proceeding before an impartial decision maker. <u>Cleveland Bd. of Education v. Loudermill</u>, 470 U.S. 532 (1985) and <u>Sutton v. Cleveland Bd. Of Education</u>, 958 F.2d 1339 (6th Cir. 1992).

18. Defendants, in terminating the Plaintiff violated the provisions of Article II of the Kentucky Constitution and KRS 15.520, *et seq.* which outlines the procedural protection arising from complaints against an individual police officer. The procedural protections include the specificity of the charges. KRS 15.520(c)(e) and (f). The right to a hearing, including notice of the charges, copy of sworn statements, the right to confront individual accusers, the right to be represented by counsel, the right to examine documents and the right to a speedy hearing is specified in KRS 15.520(i)(h) 1-9.

19. Defendants, in terminating the Plaintiff, violated the provisions of Article II of the Kentucky Constitution and KRS 95.010 *et seq.* which outline the procedural safeguards allowed law enforcement officer[s] in the Commonwealth of Kentucky. The procedural protections include notice of the charges in written form in a clear and distinct form [,] timeliness of the charges, a time and date of the hearing, the opportunity to confront witnesses, subpoena witness[es.] KRS 95.765(2) states no officer shall be suspended, reprimanded or dismissed until written charges have been made and a trial provided.

[Record No. 1, pp. 4-5]

The Defendants do not contest the fact that Weathers was not provide notice that he would be terminated.  Likewise, they do not assert that he was given any specific reasons for termination.  Instead, they contend that Weathers was an at-will employee for which no notice or reason for termination need be given under Kentucky law.  They state that Weathers "was simply terminated from his employment at Kentucky State University because he did not meet the criteria sought by new Chief Bastin." [Record No. 9, p. 2] According to the Defendants, Weathers was not the subject of a disciplinary proceeding which would trigger the rights set forth in KRS 15.520.  Further, they argue that, because KSU is not a "city," the Plaintiff does not fit within the definition of a police officer entitled to assert rights under KRS 95.010, *et seq*.

## II.    Legal Analysis

### A.    The Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Id.* Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

              **B.**    <u>Weathers' right to a Pre- and/or Post-Termination Hearing</u>

The Plaintiff recognizes that, to prevail, he must have a right to continued employment as a security officer with KSU. He further recognizes that the "right" must consist of a property interest created under state law. [*See* Record No. 1; Complaint, ¶ 17, citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 537 (1985) ("[p]roperty interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law'"); and *Sutton v. Cleveland Board of Education*, 958 F.2d 1339, 1348 (6th Cir. 1992) (same)]. Here, the right Weathers seeks to identify allegedly has its basis in two statutes and one state constitutional provision: KRS 95.010, *et seq.*, KRS 15.520, and Section 2 of the Kentucky Constitution.

The statutory provisions contained in KRS 95.010 - 95.991[3] relate to city police and firefighters, not to security officers employed by state colleges and universities in Kentucky. The sections are grouped according to the particular class of city to which they apply. For example, KRS 95.160 - .290 apply to cities of the first class while KRS 95.435 - .505 apply to second and third class cities and urban-county governments. KRS 95.710- .787 apply to fourth and fifth class cities and KRS 95.830- .845 apply to cities of all classes.[4] Chapter 95 also

---

[3]    Several statutory provisions in Chapter 95 of the Kentucky Revised Statutes have been repealed. Therefore, the current sections are not numbered consecutively.

[4]    Some sections overlap these designations (see, *e.g.*, KRS 95.850, addressing disability, medical and hospital benefits for police and fire departments in third and fourth class cities). Pension and retirement funds of third class cities are addressed in KRS 95.520- .620, while those benefits for officers employed by second class cities are addressed in KRS 95.851- .884.

contains a number of definitional sections.  Again, however, these sections relate to specific classes of cities.  *See* KRS 95.010, 95.851, 95.890, and 95.950.  In short, when Chapter 95 of the Kentucky Revised Statutes is read in its entirety or when it is read section-by-section, it is clear that no rights are created which extend to security officers employed by Kentucky colleges or universities.  The holding in *Humphrey v. Scott Fiscal Court*, 2005 U.S. Dist. LEXIS 32362 (E.D. Ky., Dec. 9, 2005), supports this conclusion.

In *Humphrey*, a deputy sheriff was terminated after being arrested and convicted of hindering prosecution and official misconduct.  He later sued the sheriff and county fiscal court, claiming that he was terminated in violation of the Fourteenth Amendment to the United States Constitution, KRS 95.765,[5] KRS 344.020, and Section 2 of the Kentucky Constitution.  The Defendants moved for summary judgment, arguing, in part, that the plaintiff did not have a property interest under the statutory sections relied upon and that their actions were not arbitrary.

With respect to the claim under KRS 95.765, Judge Joseph Hood of this Court recognized that the protection provided by this statutory section was limited to members of police and fire departments in third and fourth class cities.  And with respect to the plaintiff's claim under Section 2 of the Kentucky Constitution, the Court noted that the section prohibits arbitrary and capricious acts by the government and that such actions were not demonstrated based on the undisputed facts of that case.  Finally, regarding the alleged due process claim under the Fourteenth Amendment, the Court held that Humphrey must first establish that he has a protected property interest as a deputy sheriff.  The Court then proceeded to examine this claim

---

[5]   Weathers references KRS 95.765(2)  in paragraph 19 of his Complaint. [Record No. 1; Complaint]

under the governing statute (KRS 70.270) and concluded that the plaintiff was not deprived of any due process protections.

Here, Plaintiff Weathers relies upon KRS 95.010, *et seq*., KRS 15.520, and Section 2 of the Kentucky Constitution as the source of rights he seeks to enforce.  However, as outlined above, Chapter 95 of the Kentucky Revised Statutes does not extend any due process rights to law enforcement personnel employed by state colleges and universities.  Instead, the protection of this chapter is limited to persons employed as police or firefighters by cities.

Likewise, KRS 15.520 does not extend any due process protection to Weathers. Weathers has not contended that he had a contract of employment with KSU.  And he has not offered any proof that he was anything other than an at-will employee under Kentucky law. Further, no evidence has been offered to dispute the Defendants' contention that Weathers was not terminated for disciplinary reasons.[6]  Instead, according to the affidavit of Defendant Bastin,

> . . . she was appointed Interim Chief of Police for Kentucky State University on the 3rd day of January, 2008.
>
> That at the time of here appointment David W. Weathers was employed as a police officer by Kentucky State University.
>
> She states that she reviewed the performance records of all members of the Kentucky State University Police and interviewed them.
>
> She decided that she wished to employ police officers of her own choosing with characteristics which she believed were conducive to competent police work and compatible with her beliefs regarding police work.

---

[6]   The Defendants correctly point out in their reply that the Plaintiff has not countered the affidavit of Defendant Bastin and has not submitted an affidavit for delay pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Likewise, he has not alleged that he was terminated because of any specific complaint made against him.  Instead, he admits in his Complaint that he as told on June 20, 2008, that he was considered an at-will employee and that no cause was needed for his termination.

> She chose not to continue the employment of Mr. Weathers after June 20, 2008. A recommendation was made to her supervisor for termination of Mr. Weathers employment and approval was granted.
>
> Mr. Weathers was not terminated for cause and was not entitled to either a Pre-termination or Post-termination hearing.

[Record No. 9; Bastin Affidavit]

While Defendant Bastin's conclusions regarding whether Weathers was entitled to a pre- or post-termination hearing are not binding, no evidence has been offered to refute the reasons given for the decision to terminate Weathers' employment at KSU. Therefore, the due process rights outlined in KRS 15.520 are inapplicable. Simply put, no disciplinary hearing is necessary where the officer in question is not terminated for disciplinary reasons. As the Defendants correctly note in their reply, the triggering event for application of KRS 15.520 is the making of a complaint against a police officer. In fact, Weathers seems to admit this fact in paragraph 18 of his Complaint wherein he states that "KRS 15.520 *et seq.* . . . outlines the procedural protection *arising from complaints against an individual police officer.*" (Emphasis added.) [Record No. 1; Complaint]. *See McCloud v. Witt*, 639 S.W.2d 375 (Ky. App. 1982) (Where removal of police chief was not predicated upon any complaint of misconduct or upon any charge involving a violation of a local government rule or regulation, the procedures outlined KRS 15.520 are inapplicable.) *See also Griffin v. Girder*, 2009 U.S. Dist. LEXIS 58561 (E.D. Ky., July 8, 2009) (police chief, as an at-will employee, can be fired under Kentucky law without cause, provided the termination is not for discriminatory reasons and does not violate established rights), and *Smith v. City of London*, 1997 U.S. App. LEXIS 2732 (6th Cir., Feb. 12, 1997) (KRS

-9-

15.520 not implicated where police chief is terminated but no formal charges are made against him.).

Because Weathers was an at-will employee, no cause was needed for his termination, provided the reason for the termination is not prohibited by law.  *See Commonwealth Education Cabinet v. Solly*, 253 S.W.2d 537, 541 (Ky. 2008) ("At-will employment in general allows employees to be terminated for any reason not prohibited by law.")  There is no reason to believe that any illegal or unlawful reason was the basis for Weathers' termination.  Thus, under the circumstances presented, Weathers was not entitled to either a pre-termination or a post-termination hearing.  Where, as here, a defendant acts in accordance with Kentucky law in making employment decisions, such action is neither arbitrary nor capricious in violation of Section 2 of the Kentucky Constitution.[7]

In summary, the Court declines the Plaintiff's invitation to expand state statutes (*i.e.*, KRS 95.010, *et seq*., and KRS 15.520) beyond their explicit and limited boundaries.  The relief sought by the Plaintiff must be obtained from legislative bodies in this Commonwealth, not from the  courts.

## III.    Conclusion

Weathers has failed to offer any proof which contradicts Defendant Bastin's affidavit that he was not terminated due to a complaint or a violation of law.  Instead, the Plaintiff was

---

[7]      The Sixth Circuit's holding in *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1995), does not alter this result.  *Matthews* involved an attempt to hold an individual police officer and county police department liable for the use of a canine to effectuate his arrest.)  The case neither directly nor indirectly supports the position taken by Weathers here.

terminated as an at-will employee under Kentucky law.  Further, Weathers has failed to establish

that he was entitled to either a pre-termination or post-termination hearing under the statutes he

cites or other authority.  Likewise, he has not demonstrated that his termination without cause

violates Section 2 of the Kentucky Constitution.  Accordingly, it is hereby

     **ORDERED** as follows:

     1.     The Defendants' motion for summary judgment [Record No. 9] is **GRANTED**.

     2.     This claims asserted by Plaintiff David Weathers against Defendants Stephanie

Bastin, Gary Merseles, Alice Johnson, Dr. Rubye Jones, and Dr. Mary Sias, are **DISMISSED**,

with prejudice.

     3.     This action is **DISMISSED** from the Court's docket.  A separate Judgment will

be entered this date.

     This 28th day of September, 2009.



Signed By:
_Danny C. Reeves_  DCR
United States District Judge